**NIEDWESKE BARBER HAGER, LLC**
98 Washington Street
Morristown, NJ 07960
Tele:   (973) 401-0064
Fax:    (973) 401-0061
www.n-blaw.com
Attorneys for Plaintiffs
Xiaoyi Hari and Kenneth Hari

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| XIAOYI HARI and KENNETH HARI,<br><br>Plaintiffs,<br><br>v.<br><br>ADMINISTRATIVE COMMITTEE OF DELTA AIR LINES, INC.; DELTA AIR LINES, INC. 55-POINT VOLUNTARY RETIREMENT PROGRAM; PASS TRAVEL PROGRAM; and EMPLOYEE WELFARE BENEFIT PLANS 1-20,<br><br>Defendants. | Civil Action No. 15-8275 (KSH)(CLW)<br><br>**SECOND AMENDED COMPLAINT**<br>**Jury Trial Demanded**<br><br><br><br>**DOCUMENT ELECTRONICALLY FILED** |

Plaintiffs, Xiaoyi Hari ("Xiaoyi") and Kenneth Hari ("Kenneth") (collectively hereinafter referred to as "Plaintiffs"), through their attorneys, Niedweske Barber Hager, LLC, 98 Washington Street, Morristown, New Jersey 07960, by way of Second Amended Complaint against Defendants Administrative Committee of Delta Air Lines, Inc. ("Delta"), Delta Air Lines, Inc. 55-Point  Voluntary Retirement Program ("55-Point Plan"), Pass Travel Program ("Travel Privileges Plan") and Employee Welfare Benefit Plans 1-20 ("Welfare Benefit Plans") (collectively hereinafter referred to as "Defendants") state as follows:

1

## THE PARTIES

1. Plaintiff, Xiaoyi Hari is an individual, resident of the City of Hopelawn, County of Middlesex, State of New Jersey.

2. Plaintiff, Kenneth Hari (is an individual, resident of the City of Hopelawn, County of Middlesex, State of New Jersey.

3. Kenneth and Xiaoyi are married to each other.

4. Defendant, Administrative Committee of Delta Air Lines, Inc. is a Plan Administrator and a fiduciary as defined by the Employee Retirement Income Security Act of 1974, 29 U.S.C. δ 1001, *et. seq*. ("ERISA"), maintaining the following address: Delta Air Lines, Inc., P. O. Box 20706, Atlanta, Georgia 30320-6001.

5. Upon information and belief, Defendant Administrative Committee is also the fiduciary with respect to the Travel Privileges Plan.

6. Defendant Delta Airlines, Inc. 55-Point Voluntary Retirement Program ("55-Point Plan") has been described by Delta as follows:

> Delta Airlines, Inc. ("Delta") adopted the 55-Point Voluntary Retirement Program for frontline regular full-time and regular part-time non-pilot scale employees, flight superintendents and merit employees below grade 11 effective June 5, 2013, which is hereby amended effective July 6, 2014 ("Program", "55-Point Voluntary Program" or "Plan"). The intent of the Program is to provide benefits to certain eligible U.S., Puerto Rico, Guam, and Saipan based employees and expatriates who voluntarily retire from Delta in accordance with the terms of the Program, including an expansion of retirement eligibility applicable to certain employees who would not otherwise be eligible to retire under Delta's standard retirement program.

7. The 55-Point Plan is an employee benefits plan subject to ERISA and is located at P.O. Box 20706, Atlanta, Georgia 30320-6001.

8. Defendant Travel Privileges Plan is a non-ERISA group benefits plan sponsored by Delta. The Travel Privileges Plan is located at P.O. Box 20706, Atlanta, Georgia 30320-6001.

9. The Buddy Pass System is a component of Defendants Travel Privileges Plan and Defendant Retiree Travel Privileges Plan.

10. Plaintiff Kenneth Hari is a dependent with respect to the 55-Point Plan and Pass Travel Plan.

11. Employee Welfare Benefit Plans 1-20 are entities presently, or formerly, providing non-wage benefit to employees of Delta Air Lines.

## JURISDICTION

12. This Court has original subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1331 as the case has been said to arise under federal law, namely, the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, *et seq*., (hereinafter "ERISA") and 29 U.S.C. § 1132(e)(2).

13. In addition, this Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) because this is an action between citizens of different states and the matter in controversy exceeds the $75,000.

14. This Court has supplemental jurisdiction over the non-ERISA claims they are related to the ERISA claims so as they are part of the same case or controversy, 28 U.S.C. § 1367(a).

15. Personal jurisdiction over these Defendants because they do business in this District and the activities / events giving rise to this lawsuit occurred in this District.

## VENUE

16. Venue is properly laid in this district court pursuant to 28 U.S.C. § 1391(b)(2) and 29 U.S.C. § 1132(e)(2).

**COUNT ONE**
**(Breach of Contract Claim with Respect to Non-ERISA Pass Travel Plan)**

17. Xiaoyi was employed by Delta as a representative of the Delta Air Lines Sky Club.

18. Xiaoyi held that position for a period of at least 17 years prior to the incident described herein.

19. During that period, Xiaoyi had an impeccable record, had received multiple awards and had been viewed collectively by her peers as a morally-upstanding individual.

20. As an employee of Delta, Xiaoyi was entitled to certain employee benefits, one of which was known as the Delta Air Lines Pass Travel Program ("Travel Privileges"), and its component part, the Buddy Pass System.

21. The Travel Privileges plan is provided by Delta Air Lines to its employees and retirees for reduced-fare Delta flights.

22. The Buddy Pass system allows Delta personnel (and retirees) to give Travel Privileges to their family and friends.

23. The Travel Privileges plan thus reflects an exchange of consideration: in return for providing services to Delta, employees (and retirees) are given access to low-cost air travel.

24. As a contract between participants, on the one hand, and Delta on the other, the Travel Privileges plan has been memorialized in a writing.

25. The contract is available to Delta personnel, both during employment and post-termination.

26. Delta maintains that the Travel Privileges plan is not subject to ERISA.

4

27. In 2014, as an employee of Delta, Xiaoyi and Kenneth allow ed Kenneth's friend of more than 20 years to use one of Xiaoyi's Buddy Passes to travel to Italy.

28. This was permitted under the Rules and Regulations, and should not have been cause for Xiaoyi to be reprimanded and/or suffer any adverse action.

29. On July 23, 2014, Xiayo was accused by Defendants of misusing the Buddy Pass system. Specifically, Xiaoyi was accused of overcharging a passenger and profiting from the sale of the ticket to him.

30. Xiaoyi defended herself, explaining that neither she nor her husband had provided any Buddy Passes as a means of earning profit.

31. Plaintiff Xiaoyi repeatedly sought to dialog with Defendants about this accusation. These attempts at dialog were rebuffed by Defendants.

32. On August 21, 2014, Plaintiff Xiaoyi's employment was terminated due to alleged abuse of Delta's Buddy Pass System.

33. Plaintiff's former employer provided no documentation regarding the termination of employment.

**34.** Although the allegation regarding the Buddy Pass system was proven to be false, Defendants prohibited Plaintiffsfrom further participation in the Travel Privileges Plan.

35. The Travel Privileges Plan is a contract subject to state law.

36. Under the terms of the contract, Delta is obligated to provide Travel Privileges unless the participant is excluded from participation.

37. Defendant has failed to provide Travel Privileges in the manner prescribed by the terms of the contract.

38. Upon information and belief, Defendant will not provide Travel Privileges in the future to Plaintiffs, in violation of the contract.

39. As a result of Delta's failure to comply with the terms of the contract, Plaintiffs have suffered and will continue to suffer damages, including but not limited to lost access to low-cost travel and lost access to Buddy Passes.

**COUNT TWO**
**(Claim Asserting Breach of the Duty of Good Faith and Fair Dealing with Respect to Non-ERISA Travel Pass Plan)**

40. Plaintiffs incorporate the foregoing paragraphs as if re-stated in full here.

41. The Travel Privileges Plan impliedly includes the duty of good faith and fair dealing.

42. As set forth herein, Xiayo established that she had not violated any rules and regulations of the Travel Privileges Plan.

43. Defendants refused to respond in good faith to Plaintiffs' request to be heard on her request for Travel Privileges.

44. Defendants engaged in unfair dealing by failing, for example, to credit or even consider Xiayo's evidence that she had not exchanged a Buddy Pass for personal profit.

45. Defendants' breached their duty of good faith and fair dealing.

46. Defendants' conduct deprived and continues to deprive Mr. and Mrs. Hari of the benefits they earned under the Travel Privileges Plan.

47. The accusation Defendants made against Xiayo continues to cause her humiliation.

48. The accusation was in denigration of the many years of faithful service Xiayo provided to Delta.

49. Defendants' subsequent actions -- refusing to credit her evidence and refusing to restore Travel Privileges -- have caused Xiayo stress and frustration, and has necessitated this prolonged litigation .

## COUNT THREE
### (Breach of Fiduciary Duty/Equitable Estoppel Claim Under ERISA Against the 55-Point Voluntary Retirement Package)

50. Plaintiffs repeat and re-allege paragraphs 1 through 19 as if fully set forth at length herein.

51. Xiayo's employment was summarily terminated, based upon Delta's accusation that she had violated company policy.

52. Immediately following the termination of Plaintiff's employment, Plaintiff was given two hours to make a choice between challenging the termination of employment through Delta's internal process versus taking an Early Retirement.

53. The Early Retirement plan is known as "55-Point Voluntary Retirement Plan" ("55-Point Plan").

54. The 55-Point Plan is subject to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et. seq. ("ERISA").

55. Upon information and belief, the individual who presented Xiayo with these two options was an agent of the 55-Point Plan.

56. Without having a fair and adequate opportunity to discuss her options with an attorney, and fearing that she would end up without a job and without any retirement compensation, Xiaoyi decided to accept the 55-Point Plan.

57. Xiaoyi spoke with another agent of the 55-Point Plan by telephone to review and confirm the terms of the 55-Point Plan.

58. After Xiayo took the Early Retirement through the 55-Point Plan, and after her right to internally challenge her termination of employment had expired, Defendants revoked Xiayo's Early Retirement.

59. Denial of this benefit was done without a formal, written Claim Denial.

60. Plaintiff beseeched Defendants for a fair consideration of her circumstances. Nevertheless, Defendants never issued a written Claim Denial.

61. To-date, Defendants have not provided a written claim denial

62. Despite having revoked Xiayo's participation in the 55-Point Plan, Defendants have not to this date provided an opportunity for her to internally challenge the termination of her employment.

63. Advice Plaintiff Xiaoyi received from Defendants materially misrepresented her status with respect to her rights under the 55-Point Plan.

64. Said misrepresentations were made by fiduciaries and those acting as agents of fiduciaries.

65. Plaintiff Xiaoyi relied upon this advice in making her end-of-employment decision.

66. The events surrounding Plaintiff Xiaoyi's termination of employment constitute extraordinary circumstances warranting the relief requested herein.

## COUNT FOUR
### (Claim for Benefits Under ERISA Against the 55-Point Voluntary Retirement Package)

67. Plaintiffs' participation rights were terminated without a written Claim Denial.

68. Plaintiffs made numerous attempts to dialog with Defendants about their termination of benefits.

69. To-date, Plaintiffs have not been provided with a written Denial of their right to participate in the Plan.

70. Plaintiff Xiayo Hari satisfies all the eligibility criteria for the 55-Point Plan.

71. None of the Plan's exclusionary factors apply to Plaintiff Xiayo Hari.

**72.** Plaintiffs are deemed to have exhausted their administrative remedies by virtue of 29 C.F.R. 2560.503-1 (l).

**73.** Plaintiff Xiayo Hari is entitled to benefits from the 55-Point Plan.

**WHEREFORE**, Plaintiffs request the following relief:

A. Equitably estopping Defendants from denying Plaintiff Xiaoyi her participation rights in the 55-Point Plan;

B. Awarding to Plaintiff Xiayo Hari all benefits under the 55-Point Plan.

C. Directing Defendant 55-Point Plan (and/or its Plan Administrator) to issue a formal, ERISA-compliant Claim Denial letter;

D. Awarding to Plaintiffs their reasonable attorneys' fees, costs of suit, interest and Equitable Surcharge;

E. Declaring that Defendants have breached the terms of the non-ERISA Pass Travel Program.

F. Entering an Order awarding to Plaintiffs future participation rights in the non-ERISA Pass Travel Program.

G. Awarding to Plaintiff Xiayo Hari all available damages resulting from Defendants' violation of the non-ERISA Duty of Good Faith and Fair Dealing.

H. Awarding any other relief determined by the Court to be equitable and just.

**JURY TRIAL DEMANDED**

Plaintiffs demand jury trial of all issues so triable in this case.

                                                  Respectfully submitted,
                                                  **NIEDWESKE BARBER HAGER, LLC**

Dated:   November 7, 2016             By:  s/ Kevin Barber

                                                  98 Washington Street
                                                  Morristown, New Jersey 07960
                                                  kbarber@n-blaw.com
                                                  **DOCUMENT ELECTRONICALLY FILED**