UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| XIAOYI HARI and KENNETH HARI, <br><br> Plaintiff, <br><br> v. <br><br> ADMINISTRATIVE COMMITTEE OF DELTA AIR LINES, INC.; DELTA AIR LINES, INC. 55-POINT VOLUNTARY RETIREMENT PROGRAM; PASS TRAVEL PROGRAM; and EMPLOYEE WELFARE BENEFIT PLANS 1-20, <br><br> Defendants. | Civil Action No.: 15-cv-08275 (KSH)(CLW) <br><br> **ANSWER TO SECOND AMENDED COMPLAINT** |

Defendants Administrative Committee of Delta Air Lines, Inc. ("Administrative Committee") and Delta Air Lines, Inc. 55-Point Voluntary Retirement Program ("55-Point Program") (collectively, "Defendants"),[1] by and through its undersigned counsel, hereby responds to the allegations in Plaintiffs Xiaoyi Hari ("Ms. Hari") and Kenneth Hari's ("Mr. Hari") (collectively, "Plaintiffs") Second Amended Complaint ("Complaint") as follows:

## AS TO "THE PARTIES"

1. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 1 of the Complaint, except admit that Ms. Hari is an individual.

2. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 2 of the Complaint, except admit that Mr. Hari is an individual.

---

[1] Plaintiffs' Second Amended Complaint also asserts as defendants "Pass Travel Program" and unnamed "Employee Welfare Benefit Plans 1-20." Defendants submit there is no entity or proper defendant known as the "Pass Travel Program."

3. Upon information and belief, Defendants admit the allegations contained in paragraph 3 of the Complaint.

4. The allegations in paragraph 4 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the Administrative Committee is the Plan Administrator of the 55-Point Program, and that the Administrative Committee's address is P.O. Box 20706, Atlanta, Georgia, 30320-6001.

5. The allegations in paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 5 of the Complaint.

6. Defendants aver that the 55-Point Program document itself is the best evidence of its contents, but admit that the quoted language in paragraph 6 of the Complaint is contained in the 55-Point Program.

7. The allegations in paragraph 5 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that the 55-Point Program is a plan governed by ERISA, and that the address of the Plan Administrator of the 55-Point Program is P.O. Box 20706, Atlanta, Georgia, 30320-6001.

8. Defendants deny the allegations contained in paragraph 8 of the Complaint.

9. Defendants deny the allegations contained in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 10 of the Complaint.

11. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 11 of the Complaint.

**AS TO "JURISDICTION"**

12. The allegations in paragraph 12 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport this Court has jurisdiction in this matter.

13. The allegations in paragraph 13 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport this Court has jurisdiction in this matter.

14. The allegations in paragraph 14 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport this Court has jurisdiction in this matter.

15. The allegations in paragraph 15 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport this Court has personal jurisdiction over Defendants in this matter.

**AS TO "VENUE"**

16. The allegations in paragraph 16 of the Complaint constitute legal conclusions to which no response is required. To the extent a response is required, Defendants admit that Plaintiffs purport that venue is proper in this matter.

**AS TO "COUNT I"**
**(Breach of Contract Claim with Respect to Non-ERISA Pass Travel Plan)**

17. Defendants deny the allegations contained in paragraph 17 of the Complaint, except admit that Ms. Hari was employed by Delta Air Lines, Inc. ("Delta") as a Customer Service Agent in its Newark Airport Sky Club.

18. Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in paragraph 18 of the Complaint as the term

"incident described herein" is vague, but admits that Ms. Hari's employment began on or around July 7, 1997.

19. Defendants deny the allegations contained in paragraph 19 of the Complaint.

20. Defendants deny the allegations contained in paragraph 20 of the Complaint, except admit that eligible employees of Delta may obtain certain pass travel privileges, which may include access to Delta's Buddy Pass program.

21. Defendants deny the allegations contained in paragraph 21 of the Complaint, except admit that pass travel privileges, which include reduced-fare standby travel, are available to eligible Delta employees, subject to the restrictions and conditions set forth in the policy.

22. Defendants deny the allegations contained in paragraph 22 of the Complaint, except admit that the Buddy Pass program allows eligible Delta employees and retirees to provide pass travel privileges to family and friends, subject to the conditions and restrictions set forth in the policy.

23. The allegations in paragraph 23 contain conclusions of law and argument to which no response is required. To the extent a response is required, Defendants deny that all Delta employees are provided travel privileges in exchange for providing services for Delta, and aver that pass travel privileges are only available to eligible employees and retirees, subject to the conditions and restrictions set forth in the policy.

24. The allegations in paragraph 24 contain conclusions of law and argument to which no response is required. To the extent a response is required, Defendants admit that the terms and conditions of the pass travel privileges are set forth in writing.

25. The allegations in paragraph 25 contain conclusions of law and argument to which no response is required. To the extent a response is required, Defendants deny that pass

travel privileges are available to all Delta personnel, and aver that pass travel privileges are only available to eligible employees and retirees, subject to the conditions and restrictions set forth in the policy.

26. Defendants admit the allegations contained in paragraph 26 of the Complaint.

27. Defendants admit that in 2014, Plaintiff Xiaoyi Hari issued a buddy pass to an individual for travel to Italy. Defendants deny the remaining allegations in paragraph 27 of the Complaint.

28. Defendants deny the allegations contained in paragraph 28 of the Complaint in that it presumes Plaintiffs properly utilized the Buddy Pass program.

29. Defendants deny the allegations contained in paragraph 29 of the Complaint, except admit that in response to a third-party complaint alleging that Plaintiffs had overcharged him for a Buddy Pass ticket and profited from the transaction, Delta questioned Ms. Hari regarding this allegation.

30. Defendants deny the allegations contained in paragraph 30 of the Complaint, except admit that Ms. Hari attempted to deny the allegations.

31. Defendants deny the allegations contained in paragraph 31 of the Complaint.

32. Defendants deny the allegations contained in paragraph 32 of the Complaint, except aver that Ms. Hari was given the option for retirement in lieu of termination for the abuse of the Buddy Pass program.

33. Defendants deny the allegations contained in paragraph 33 of the Complaint.

34. Defendants deny the allegations contained in paragraph 34 of the Complaint, except admit that Ms. Hari's travel privileges were revoked due to the abuse of the Buddy Pass program.

35. The allegations in paragraph 35 contain conclusions of law and argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 35 of the Complaint.

36. The allegations in paragraph 36 contain conclusions of law and argument to which no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 36 of the Complaint, and aver that only eligible employees and retirees may receive travel benefit privileges, subject to the conditions and restrictions set forth in the policy.

37. Defendants deny the allegations contained in paragraph 37 of the Complaint.

38. Defendants deny the allegations contained in paragraph 38 of the Complaint.

39. Defendants deny the allegations contained in paragraph 39 of the Complaint.

## AS TO "COUNT II"
### (Breach of the Duty of Good Faith and Fair Dealing with Respect to Non-ERISA Pass Travel Plan)

40. Defendants repeat and reiterate each and every response contained in paragraphs 1 through 39 above, as if fully set forth herein.

41. Defendants deny the allegations contained in paragraph 41 of the Complaint.

42. Defendants deny the allegations contained in paragraph 42 of the Complaint.

43. Defendants deny the allegations contained in paragraph 43 of the Complaint.

44. Defendants deny the allegations contained in paragraph 44 of the Complaint.

45. Defendants deny the allegations contained in paragraph 45 of the Complaint.

46. Defendants deny the allegations contained in paragraph 46 of the Complaint.

47. Defendants deny the allegations contained in paragraph 47 of the Complaint.

48. Defendants deny the allegations contained in paragraph 48 of the Complaint.

49.     Defendants deny the allegations contained in paragraph 49 of the Complaint.

### AS TO "COUNT III"
### (Breach of Fiduciary Duty/Equitable Estoppel Claim Under ERISA Against the 55-Point Voluntary Retirement Package)

50.     Defendants repeat and reiterate each and every response contained in paragraphs 1 through 49 above, as if fully set forth herein.

51.     Defendants deny the allegations contained in paragraph 51 of the Complaint.

52.     Defendants deny the allegations contained in paragraph 52 of the Complaint.

53.     Defendants deny the allegations contained in paragraph 53 of the Complaint.

54.     Defendants admit that the 55-Point Program is a plan governed by ERISA, but deny that Plaintiffs are participants and/or beneficiaries under the 55-Point Program.

55.     Defendants deny the allegations contained in paragraph 55 of the Complaint.

56.     Defendants deny the allegations contained in paragraph 56 of the Complaint.

57.     Defendants deny the allegations contained in paragraph 57 of the Complaint.

58.     Defendants deny the allegations contained in paragraph 58 of the Complaint.

59.     Defendants deny the allegations contained in paragraph 59 of the Complaint.

60.     Defendants deny the allegations contained in paragraph 60 of the Complaint.

61.     Defendants deny that Plaintiffs are participants and/or beneficiaries under the 55-Point Program.  Defendants deny the remainder of the allegations in paragraph 61 of the Complaint.

62.     Defendants deny the allegations contained in paragraph 62 of the Complaint.

63.     Defendants deny the allegations contained in paragraph 63 of the Complaint.

64.     Defendants deny the allegations contained in paragraph 64 of the Complaint.

65.     Defendants deny the allegations contained in paragraph 65 of the Complaint.

66. Defendants deny the allegations contained in paragraph 66 of the Complaint.

## AS TO "COUNT IV"
## (Claim for Benefits Under ERISA Against the 55-Point Voluntary Retirement Package)

67. Defendants deny the allegations contained in paragraph 67 of the Complaint.

68. Defendants deny the allegations contained in paragraph 68 of the Complaint.

69. Defendants deny the allegations contained in paragraph 69 of the Complaint in that Defendants deny Plaintiffs are participants and/or beneficiaries of the 55-Point Program.

70. Defendants deny the allegations contained in paragraph 70 of the Complaint.

71. Defendants deny the allegations contained in paragraph 71 of the Complaint.

72. Defendants deny the allegations contained in paragraph 72 of the Complaint.

73. Defendants deny the allegations contained in paragraph 73 of the Complaint, and deny that Plaintiffs are entitled to any relief pursuant to the unnumbered "WHEREFORE" clause following paragraph 73 of the Complaint.

## ADDITIONAL AVERMENTS

Defendants deny all claims and allegations not unequivocally admitted herein.

## STATEMENT OF AFFIRMATIVE AND OTHER DEFENSES

Defendants assert the following affirmative and other defenses without assuming any burden of production or proof that they would not otherwise have.

## AS AND FOR A FIRST DEFENSE

The Complaint, in whole and in part, fails to state a claim upon which relief can be granted.

## AS AND FOR A SECOND DEFENSE

To the extent that the period of time alluded to in Plaintiffs' Complaint, or the period of time later alleged in this action, predates the applicable limitations period, such claims are barred.

## AS AND FOR A THIRD DEFENSE

Plaintiffs' claims are barred to the extent Plaintiff failed, refused or neglected to mitigate or avoid the damages complained of in Plaintiff's Complaint, if any.

## AS AND FOR A FOURTH DEFENSE

To the extent applicable, Plaintiffs' claims are barred by the doctrines of waiver, estoppel, unclean hands and/or laches.

## AS AND FOR A FIFTH DEFENSE

Each and every action taken with respect to Plaintiff's employment was based upon legitimate business reasons, good faith and reasonable factors.

## AS AND FOR A SIXTH DEFENSE

Plaintiffs' claims are frivolous, unreasonable and groundless, and accordingly, Defendants are entitled to an award of its attorneys' fees and costs associated with the defense of this action.

## AS AND FOR A SEVENTH DEFENSE

Plaintiffs' Complaint fails to state facts sufficient to state a claim that would support an award of actual, compensatory or punitive damages, or attorneys' fees against Defendants.

## AS AND FOR AN EIGHTH DEFENSE

To the extent Plaintiffs have suffered any damages, any actions by Defendants or their representatives are neither the actual nor proximate cause of such damages.

### AS AND FOR A NINTH DEFENSE

Plaintiffs' Complaint is unsustainable, in whole or in part, and should be dismissed because Defendants did not breach any alleged contract with Plaintiff.

### AS AND FOR A TENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, based upon the clear and ambiguous language and terms of the relevant policies and plans, including but not limited to the 55-Point Program Plan documents.

### AS AND FOR AN ELEVENTH DEFENSE

If Plaintiffs have been damaged as alleged, these damages have been caused by Plaintiffs' own intentional or negligent acts or omissions, or by intentional or negligent acts or omissions of those other than Defendant, for which Defendant is not responsible.

### AS AND FOR A TWELFTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, as Plaintiffs' are seeking to recover damages that are entirely speculative in nature, and without any basis.

### AS AND FOR A THIRTEENTH DEFENSE

To the extent Plaintiffs' seek remedies under plans that are employee welfare benefit plans as defined by ERISA, Plaintiffs' remedies, if any, are limited to those afforded by ERISA or by the plan documents.

### AS AND FOR A FOURTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, by failure to comply with ERISA's exhaustion requirement.

### AS AND FOR A FIFTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Defendant fully performed and discharged its duties under any contract, thereby discharging Defendant from any liability.

### AS AND FOR A SIXTEENTH DEFENSE

Defendants' actions were performed in good faith and in accordance with the documents and instruments governing the relevant Plan and policies at issue.

### AS AND FOR A SEVENTEENTH DEFENSE

Plaintiffs' claims are barred, in whole or in part, because Plaintiffs are not participants and/or beneficiaries of any plan, or are not eligible for benefits under any Plan, policy or program.

### RESERVATION OF RIGHTS

Defendants reserve the right to assert additional defenses or claims which may become known during the course of discovery, and thus, reserve the right to amend this Answer and serve such defenses and otherwise supplement the foregoing Affirmative and Other Defenses.

WHEREFORE, Defendants request that the Court:

a) dismiss with prejudice Plaintiffs' Second Amended Complaint:

b) deny each and every demand, claim and prayer for relief contained in Plaintiffs' Second Amended Complaint;

c) award to Defendants reimbursement for their costs, including attorneys' fees; and,

d) grant such other and further relief as the Court deems just and proper.

Dated: March 24, 2017

                                          Respectfully submitted,

FORD HARRISON LLP
300 Connell Drive, Suite 4100
Berkeley Heights, New Jersey 07922
Phone: (973) 646-7300

By: /s/ Salvador P. Simao
     Salvador P. Simao
     David S. Kim

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2017, I electronically filed the foregoing ANSWER to the Complaint with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties of record.

    /s/ David S. Kim
    David S. Kim